UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC BROWN, | ) NO. EDCV 16-494-DMG (KS) |
| Petitioner, | ) |
| v. | ) ORDER: DISMISSING PETITION FOR |
| | ) WRIT OF HABEAS CORPUS WITHOUT |
| DEAN BORDERS, Acting Warden, | ) PREJUDICE; AND DENYING |
| | ) CERTIFICATE OF APPEALABILITY |
| Respondent. | ) |
| _____ | ) |

On March 3, 2016, Eric Brown ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") under 28 U.S.C. § 2254.[1] [Doc. # 1.]

Petitioner challenges a 2005 state court conviction – and accompanying 16-year state prison sentence – for two counts of second degree robbery (California Penal Code ("Penal Code") § 211) and one count of being a felon in possession of a firearm in violation of Penal Code § 12021(a)(1). (Petition at 2.) However, as Petitioner acknowledges, this Court denied

---

[1] Under the "mailbox rule," a pleading filed by a *pro se* prisoner is deemed filed as of the date the prisoner delivers it to prison authorities for mailing, not the date on which the pleading is received by the court. *See Stillman v. LaMarque*, 319 F.3d 1199, 1291 (9th Cir. 2003).

1

a prior habeas petition challenging the same conviction in 2014. *See* Petition at 7; *see also Eric LaQuince Brown v. California Attorney General, et al.*, C.D. Cal. No. EDCV 13-2398-DMG (VBK), at Doc. ## 1 ("2013 Petition"), 20 ("2014 Report and Recommendation"), 23 (Order Accepting Report and Recommendation).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4. For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b) and Rule 4.

## I.

## BACKGROUND

Petitioner appealed his 2005 conviction in the California Court of Appeal, which affirmed the judgment of the trial court on January 19, 2007. 2014 Report and Recommendation at 3. Petitioner did not file a petition for review in the California Supreme Court, but in February 2008, began filing habeas petitions in the state courts. *Id.* at 3-5. According to the 2014 Report and Recommendation, on April 15, 2009 and February 20, 2013 the California Supreme Court denied habeas petitions filed by Petitioner. *Id.* at 4-5.

On December 31, 2013, well over six years after Petitioner's conviction became final, Petitioner filed a Petition For Writ Of Habeas Corpus ("2013 Petition") pursuant to 28 U.S.C. § 2254 in the United States District Court for the Central District of California. 2014 Report and Recommendation at 1. On November 24, 2014, United States District Judge Dolly M. Gee issued an order dismissing the 2013 Petition with prejudice on the grounds that the Petition was untimely and failed to present a cognizable claim for relief. Petitioner appealed to the Court of Appeals for the Ninth Circuit, which denied a certificate of appealability on March 20, 2015.

The instant Petition, like Petitioner's 2013 Petition, concerns Petitioner's 2005 conviction. On April 4, 2016, Hon. Suzanne H. Segal, United States Magistrate Judge, ordered Petitioner to show cause no later than April 18, 2016 why the Petition should not be dismissed as second and successive. (Doc. # 3.) On May 31, 2016, six weeks after the deadline for Petitioner's response, the Court received from Petitioner a document bearing two separate case numbers, which was entitled "Petitioner's Response to U.S. Dist Courts Order To Show Cause & Second Notice of Statute Lien Rule 60(b)(d)."[2] [*See* Doc. # 4 (errors in original).] Magistrate Judge Segal rejected that document and ordered it returned to Petitioner because "Petitioner submitted two documents for two separate cases as part of a single filing. It is unclear what Petitioner is filing and in which case." (*Id.*) On June 8, 2016, this case was assigned to Hon. Karen L. Stevenson, United States Magistrate Judge. [Doc. # 5.]

Petitioner has not filed a satisfactory response to the Court's April 4, 2016 order to show cause.[3] Accordingly, Petitioner has failed to establish that the Court has jurisdiction to consider the Petition.

## II.
## DISCUSSION

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable

---

[2] In the document rejected for filing, Petitioner contended that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") did not apply to the Petition, despite the fact that his conviction occurred in 2005, many years after AEDPA went into effect. [Doc. # 4.] Petitioner further argued that the Court's dismissal of his 2013 Petition pursuant to a Motion to Dismiss – without requiring Respondent to address Petitioner's argument that he was entitled to an evidentiary hearing – violated Petitioner's rights under the First, Fifth, and Sixth Amendments. (*Id.*) Finally, Petitioner sought to impose a "commercial lien" and demanded that Respondent "show cause why a lien has not been found established upon this court's records." (*Id.*)

[3] On July 5, 2016, Petitioner filed a document styled as "Petitioner's Acceptance of Notice of Clerical Error/Third Notice of Statute Lien, Under Rule 60(b)(d)" [Doc. # 6], but it does not change this Court's analysis.

3

here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see also Gage v. Chappell*, 793 F.3d 1159, 1165 (9th Cir. 2015) (claims for which the factual predicate existed at the time of the first habeas petition qualify as second or successive) (citations omitted).

Even when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

In his 2013 Petition, Petitioner sought Section 2254 relief based on the same state conviction at issue here. This Court dismissed the 2013 Petition with prejudice for failing to state a cognizable claim and for being facially untimely. Accordingly, the current Petition is second or successive within the meaning of Section 2244(b). However, Petitioner has not obtained permission from the Ninth Circuit to bring a second or successive Section 2254 petition raising the claims alleged in the instant Petition. Therefore, this Court lacks jurisdiction to consider the Petition. 28 U.S.C. § 2244(b); *see also Burton*, 549 U.S. at 157 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).

Consequently, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice. If Petitioner receives leave from the

Ninth Circuit to raise his claims in a second or successive Section 2254 petition in this Court, he may file a habeas petition at that time.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2)*; Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).[4]  The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

DATED:  August 1, 2016

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

Presented by:

   Karen L. Stevenson
United States Magistrate Judge

---

[4]  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).